IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE R. COTTO-LATORRE<br><br>Petitioner<br><br>vs<br><br>UNITED STATES OF AMERICA<br><br>Respondent | CIVIL 10-1367CCC<br>Related Cr. No. 01-613CCC |

**OPINION AND ORDER**

Before the Court is Petitioner José Cotto-Latorre 's Motion Under Title 28 U.S.C. Sec. 2255 to Vacate, Set Aside and Correct the Sentence (**docket entry 1**), to which the United States responded (docket entry 3). For the reasons discussed below, the Court finds that the Petition shall be DISMISSED.

**I.   BACKGROUND**

On February 27, 2003, Petitioner José Cotto-Latorre (hereinafter "Petitioner" or "Cotto-Latorre") along with two co-defendants, was convicted by a jury of conspiracy to distribute more than five (5) kilograms of cocaine and attempting to distribute more than five (5) kilograms of cocaine while aiding and abetting others (Crim. D.E. 563).[1] In addition, Petitioner was convicted, along with another co-defendant, of carrying a firearm during and in furtherance of a drug trafficking offense (Crim. D.E. 563). Cotto-Latorre appealed his conviction and sentence and the same were affirmed on September 20, 2005 by the Court

---

[1] Crim. D.E. is an abbreviation for the docket entry number in Petitioner's criminal case, 01-613(CCC).

CIVIL 10-1367CCC                                                2

of Appeals for the First Circuit in <u>United States v. Sánchez-Berríos</u>, 424 F.3d 65 (1st Cir. 2005).  Cotto-Latorre did not file a writ of certiorari, therefore his conviction became final on December 19, 2005.[2]

A review of Cotto-Latorre's § 2255 petition indicates that the same was signed and dated April 21, 2010, and was received at the Clerk's Office for the District Court of Puerto Rico on April 28, 2010 (**docket entry 1**).  As such, the same is untimely and shall be DISMISSED.

**II.**     **DISCUSSION**

   **A.**     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (herein after AEDPA) of April 24, 1996, clearly established a limitation period for the filing of section 2255 motions of one (1) year from the date in which a prisoner's conviction became "final."  The Congressional intent of the statute of limitations of one (1) year was for it to apply to all section 2255 filings after its effective date.[3]

The record indicates that Cotto-Latorre's conviction became final on December 19, 2005, as stated above.  Pursuant to the AEDPA, Petitioner then had up to December 19, 2006, to timely file his section 2255 petition for relief.  Cotto-Latorre did not effectively file until April 21, 2010, that is nearly three and a half (3½) years after the statute of limitations had expired.  His § 2255 petition is, therefore, time barred and cannot be entertained by the Court.

---

[2] If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires, <u>Derman</u> v. <u>United States</u>, 298 F.3d 34 (1st Cir. 2002).  Pursuant to the Rules of the Supreme Court, Rule 13.1 a petition for writ of certiorari is timely when it is filed within ninety (90) days following the entry of judgment.

[3] <u>Pratt v. United States</u>, 129 F.3d 54 (1st Cir. 1997).

CIVIL 10-1367CCC                               3

### III.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner Cotto-Latorre is not entitled to relief on the claim presented as it is time-barred. Accordingly, it is ORDERED that petitioner **JOSE R. COTTO-LATORRE's** Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DENIED**.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on January 26, 2012.

                                                                    S/CARMEN CONSUELO CEREZO
                                                                    United States District Judge